United States District Court
Southern District of Texas
**ENTERED**
October 14, 2016
David J. Bradley, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **BETZABETH PEREZ-TORRES,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 1:16-178** |
| | § | **Criminal No. B:12-421-1** |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On May 12, 2016, Petitioner Betzabeth Perez-Torres filed a Motion to Vacate, Set Aside, or Correct her Sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1.

The Court has an independent obligation to review the record and the pleadings. Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS. After reviewing the record and relevant case law, the Court **RECOMMENDS** Perez-Torres's motion be **DENIED**, because her claims are legally and substantively meritless.

### I. Procedural and Factual Background

On May 22, 2012, a federal grand jury – sitting in Brownsville, Texas, – indicted Perez-Torres with one count of conspiracy to possess with the intent to distribute more than 50 grams of methamphetamine; one count of conspiracy to import more than 50 grams of methamphetamine; and, one count of smuggling more than $10,000 in U.S. currency, with the intent to evade reporting. U.S. v. Perez-Torres, Criminal No. 1:12-421-1, Dkt. No. 11 (hereinafter "CR").

#### A. Rearraignment

On July 11, 2012, Perez-Torres appeared before the District Judge and pled guilty – without a written plea agreement – to possession with the intent to distribute methamphetamine and currency smuggling.

### B. Sentencing

In the final presentence report ("PSR"), Perez-Torres was initially assessed a base offense level of 38, predicated upon her being held responsible for 5.895 kilograms of methamphetamine. CR Dkt. No. 30, p. 7.   Perez-Torres was assessed a two-level enhancement, because her actions involved the importation of methamphetamine and an additional two-level enhancement because she enlisted minors to assist in committing the offense. Id.  She was, however, also afforded a two-level reduction, because she met the criteria for "safety valve;" and, a three-level reduction for acceptance of responsibility. Id. Thus, Perez-Torres was assessed a total offense level of 37.

Regarding her criminal history, Perez-Torres had one adult criminal conviction and was assessed one criminal history point, resulting in a criminal history category of I. CR Dkt. No. 30, pp. 8-9.  Based upon Perez-Torres's offense level of 37 and criminal history category of I, the presentence report identified a guideline sentencing range of 210 to 262 months of imprisonment. Id., p. 13.

On December 16, 2013, the Government moved for a downward departure of one-third of Perez-Torres's sentence, based on substantial assistance. CR Dkt. No. 44.

On December 17, 2013, the District Court granted the Government's motion and also granted Perez-Torres's motion for a downward variance. Because Perez-Torres was eligible for the "safety valve," the statutory mandatory minimum did not apply in her case. Cr Dkt. 30, p. 7.

Nevertheless, as to count one – possession with intent to distribute methamphetamine – the Court sentenced Perez-Torres to 120 months of imprisonment, five years of supervised release, and a $100 special assessment fee. CR Dkt. No. 47.  As to count three – currency smuggling – the Court sentenced Perez-Torres to 40 months of imprisonment, three years of supervised release and a $100 special assessment fee. Id.  The two sentences were to be served concurrently.  The judgment was entered on January 17, 2014. Id.

Neither the District Court docket, nor the Fifth Circuit docket, reflect the filing of a direct appeal.  A notice of appeal must be filed within fourteen (14) days from the entry of

judgment. See FED. R. APP. P. 4(b)(1)(A), 26(a)(2). Therefore, Perez-Torres's deadline for filing a notice of direct appeal passed on January 31, 2014. Id.

### C. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255

On May 12, 2016, Perez-Torres timely[1] filed a motion pursuant to 28 U.S.C. § 2255, requesting that the District Court vacate, set aside, or correct her sentence. Dkt. No. 1. In her motion, Perez-Torres asserts that her sentence was unlawfully enhanced under the Armed Career Criminal Act ("ACCA"), because she was subject to the residual clause that was deemed unconstitutional in Johnson v. U.S., 135 S. Ct. 2551 (2015). Dkt. No. 2.

Pursuant to Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, because the petition is meritless on its face, the Court has not ordered the Government to respond to the petition.

## II. Applicable Law

### A. Section 2255

Perez-Torres seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1. That section provides, as relevant here:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

After a petitioner's conviction becomes final, the Court is entitled to presume that she stands fairly convicted. U.S. v. Frady, 456 U.S. 152, 164 (1982); U.S. v. Willis, 273 F.3d

---

[1] Section 2255(f)(3) provides for a one-year statute of limitation period to run from "the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral appeal." See Dodd v. U.S., 545 U.S. 353, 359 (2005) (a one-year limitation period runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactively applicable to cases on collateral review). Johnson was decided on June 26, 2015. Perez-Torres filed her petition within one-year from the date which Johnson was decided. Therefore, the petition is timely.

592, 595 (5th Cir. 2001).

A petitioner who seeks to challenge a final conviction by collateral attack, can do so on constitutional or jurisdictional grounds. 28 U.S.C. § 2255(a); U.S. v. Shaid, 937 F.2d 228, 233 (5th Cir. 1991). Generally, a petitioner may not raise on collateral attack issues that he failed to raise on direct appeal, absent a showing that the error constituted a "fundamental defect which inherently results in a complete miscarriage of justice." U.S. v. Addonizio, 442 U.S. 178, 185 (1979); Hill v. U.S., 368 U.S. 424, 428 (1962).

## III. Analysis

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255. Further, a district court may deny a § 2255 motion without an evidentiary hearing "only if the motion, files, and records of the case conclusively show the prisoner is entitled to no relief." U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992). The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Perez-Torres's claim, the Court is required to construe allegations by pro se litigants liberally, to ensure that their claims are given fair and meaningful consideration despite their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). Even applying this standard, neither the record – nor the law – support Perez-Torres's claim.

### A. **Johnson** is Inapplicable

Perez-Torres asserts that she is entitled to habeas relief in light of the recent Supreme Court decision Johnson v. U.S., 135 S. Ct. 2551 (2015). In Johnson, the Supreme Court reviewed the lower court's application of 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"). The ACCA requires a 15-year mandatory minimum term of imprisonment for anyone who violates § 922(g), having three or more prior convictions for a "serious drug offense" or a "violent felony." § 924(e)(1). The ACCA defines a "violent felony" as any crime that "is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B) (emphasis added). The just-quoted and underlined portion of § 924 has been

referred to as the Act's residual clause. <u>Johnson</u>, 135 S. Ct. at 2556.

Ultimately, the Supreme Court held that imposing an increased sentence under the ACCA's residual clause is a violation of due process. <u>Johnson</u>, 135 S. Ct. at 2557 (reasoning that the residual clause was unconstitutionally vague because it "denies fair notice to defendants and invites arbitrary enforcement by judges."). The Supreme Court has confirmed the retroactivity of <u>Johnson</u> as applied to the ACCA. <u>See</u> <u>Welch v. U.S.</u>, 136 S. Ct. 1257 (2016) (holding that "<u>Johnson</u> announced a new substantive rule that has retroactive effect in cases on collateral review").

While this is the theory urged by Perez-Torres, none of it applies to her case. Perez-Torres was not sentenced under the ACCA, which applies only to convictions for unlawfully possessing a firearm under 18 U.S.C. § 922(g). 18 U.S.C. § 924(e). Instead, she was convicted of violating 21 U.S.C. § 841 & 846 as well as 31 U.S.C. 5332. CR Dkt. No. 47. Furthermore, the court did not apply any enhancement in relation to the use or possession of a firearm. CR Dkt. No. 30. Therefore, regardless of its retroactive application, the holding in <u>Johnson</u> does not directly provide Perez-Torres with a vehicle for relief.

### B. <u>Gonzalez-Longoria</u> Affords No Relief

Perez-Torres makes the related argument that she is entitled to habeas relief because the Supreme Court's analysis of the residual clause in <u>Johnson</u> applies equally to the term "crime of violence" as contained in 18 U.S.C. § 16. Dkt. No. 1. Section 16 defines a "crime of violence" as

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

After the Supreme Court's decision in <u>Johnson</u>, a Fifth Circuit panel – in <u>U.S. v. Gonzalez-Longoria</u> – addressed the argument raised by Perez-Torres in the instant case. <u>Gonzalez-Longoria</u>, 813 F.3d 225 (5th Cir. 2016). There, the panel concluded that the statutory definition of "crime of violence," found at 18 U.S.C. § 16, is also unconstitutionally

vague, because it "requires courts both to imagine an ordinary/archetypical case and then to judge that imagined case against [an] imprecise standard." Gonzalez-Longoria, 813 F.3d at 235.

Any relief that Perez-Torres may have found in that decision was short-lived; the panel opinion was withdrawn and the case was considered by the Fifth Circuit en banc.[2]

The Fifth Circuit, sitting en banc, unequivocally held that "18 U.S.C. § 16(b) is not unconstitutionally vague." U.S. v. Gonzalez-Longoria, — F.3d —, 2016 WL 4169127, at *1 (5th Cir. Aug. 5, 2016) (en banc).[3]  Accordingly, even if § 16(b) applied to her case, Perez-Torres is entitled to no relief under Gonzalez-Longoria.  As discussed further below, despite Perez-Torres's continued focus upon the "crime of violence" language as set forth in the ACCA and in 18 U.S.C. § 16(b), her sentence was not enhanced pursuant to either.

### C.  Sentencing Guidelines Enhancement

An examination of Perez-Torres's sentence clearly shows that there was no error.  Her sentence was not enhanced based upon any prior convictions, but rather for her conduct during the course of  committing the instant offense.

Perez-Torres received a two-level enhancement for the importation of methamphetamine and a two-level enhancement for enlisting minor children to help her commit the offense. CR Dkt. No. 30, pp. 7-8.  Perez-Torres admitted the facts underlying those enhancements to the probation office. Id, pp. 3-6.  Given those admissions, the enhancements were properly applied and her petition should be denied. See U.S. v. Vasquez-

---

[2] 813 F.3d 225 (5th Cir. 2016)(discussing the application of U.S.S.G. § 2L1.2(b)(1)(c), 8 U.S.C. § 1101(a)(43), and 18 U.S.C. § 16, and finding 18 U.S.C. § 16 to be unconstitutionally vague), reh'g en banc ordered, 815 F.3d 189.

[3] The Court notes that the Supreme Court has granted a writ of certiorari to determine if § 16(b) is constitutional. Lynch v. Dimaya, No. 15-1498, 2016 WL 3232911, at *1 (U.S. Sept. 29, 2016); see also Dimaya v. Lynch, 803 F.3d 1110 (9th Cir. 2015) (holding § 16(b) to be unconstitutionally vague).  The mere granting of certiorari does not relieve this Court of its responsibility to apply binding Fifth Circuit precedent.  Unless and until the Supreme Court overrules Fifth Circuit precedent, this Court is bound by it. Castro-Jiminez v. Bulger, 104 F. App'x 440, 441 (5th Cir. 2004) (unpubl.) (citing Wicker v. McCotter, 798 F.2d 155, 157-58 (5th Cir. 1986)).

Munoz, 236 F. App'x 989, 990 (5th Cir. 2007) (information gleaned from pre-sentence interview with probation officer can be used to support sentencing enhancement).

## IV. Recommendation

WHEREFORE it is **RECOMMENDED** that the Petitioner Betzabeth Perez-Torres's Motion to Vacate, Set Aside or Correct her Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be **DENIED** as meritless.

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1). A petitioner may receive a COA only if she makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of her constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006). A district court may sua sponte rule on a COA because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Perez-Torres's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Perez-Torres's § 2255 motion raises issues that the Court has carefully considered, she fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is **RECOMMENDED** that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the

Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009).  Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on October 14, 2016.

Ronald G. Morgan
United States Magistrate Judge